## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FIRST GUARANTY MORTGAGE | ) | Case No. 22-10584 (CTG) |
| CORPORATION, *et al.*,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| TIAA, FSB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. |
| | ) | |
| FIRST GUARANTY MORTGAGE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY AND RELATED RELIEF

TIAA, FSB ("TIAA Bank") hereby commences this adversary proceeding against Debtor

First Guaranty Mortgage Corporation (the "Debtor") for declaratory and related relief based upon

the following set of facts:

### INTRODUCTORY STATEMENT

1.    Pursuant to servicing agreements, the Debtor currently services residential

mortgage loans owned by TIAA Bank.  A central function of the Debtor under these agreements

is for the Debtor to collect monthly principal and interest payments due under the serviced loans

---

[1]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are:  First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621).  The location of the corporate headquarters and the service address for the Debtors are 5800 Tennyson Parkway, Suite 450, Plano, Texas 75024.

and to remit these payments to TIAA Bank as the owner of the loans.  The servicing agreements make clear that the serviced loans and payments received by the Debtor in its servicing of these loans are not owned by the Debtor and that the Debtor holds these payments in trust for TIAA Bank.

2.     The Debtor is holding principal and interest payments it has collected as servicer of the loans and refuses to remit those payments to TIAA Bank. The reason given by the Debtor for this improper action is that the Debtor has made advances under the serviced loans that have not been reimbursed.  While the servicing agreements contemplate the Debtor making such advances (and their reimbursement), the agreements expressly prohibit the Debtor's attempt to offset these advances against the principal and interest payments.

3.     TIAA Bank brings this action seeking (a) an accounting of all amounts the Debtor currently is holding with respect to the serviced loans; (b) a declaration that the funds held by the Debtor with respect to the serviced loans are not property of the Debtor's estate; and (c) an order directing the Debtor to deliver the said funds to TIAA Bank as their rightful owner.

### PARTIES

4.     TIAA Bank is a federal savings association with its headquarters in Jacksonville, Florida.

5.     The Debtor is a Virginia corporation and the debtor in the above-referenced bankruptcy case filed on June 30, 2022 (the "Petition Date").

### JURISDICTION & VENUE

6.     This proceeding is a civil proceeding arising under, or in a case under, Title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code"); therefore, the U.S. District Court for the District of Delaware (the "District Court")

    a.   has jurisdiction of this proceeding under 28 U.S.C. § 1334(b) and

    b.   may refer this proceeding to this Court under 28 U.S.C. § 157(a).

7.    The District Court, by entering the Amended Standing Order of Reference dated February 29, 2012, has referred this proceeding to this Court under 28 U.S.C. § 157(a), and this proceeding is a core proceeding arising under, or in a case under, the Bankruptcy Code within the meaning of 28 U.S.C. § 157(b); therefore, this Court has statutory authority, specifically under 28 U.S.C. § 157(b)(1),

    a.   to hear and determine this proceeding and

    b.   to enter appropriate orders and judgments, including final ones, subject to review under 28 U.S.C. § 158.

8.    This proceeding is a matter that is integral to the restructuring of the relationships between the Debtor and its creditors; therefore, this Court has constitutional authority to enter final orders and judgments in this proceeding without its parties' consent. If it is determined that this Court lacks such authority, however, then TIAA Bank will consent to the Court's entry of final orders and judgments in this proceeding.

9.    The Debtor's case under the Bankruptcy Code is pending in this Court, which is a unit of the District Court under 28 U.S.C. § 151; therefore, venue of this proceeding is proper in both the District Court and this Court under 28 U.S.C. § 1409(a).

10.    The statutory bases for the Court's authority to grant the relief prayed for are Section 105(a) of the Bankruptcy Code and Title 28, Section 2201 of the United States Code.

**FACTUAL BACKGROUND**

*Ownership of the Mortgage Loans*

11.     The Debtor and TIAA Bank (f/k/a EverBank) are parties to that certain Servicing

Agreement dated as of October 1, 2015, regarding Residential Fixed Rate FHA-Insured Mortgage

Loans (the "2015 Servicing Agreement").  A redacted copy of the 2015 Servicing Agreement is

attached hereto as **Exhibit "A**."[2]

12.     The Debtor and TIAA Bank also are parties to that certain Servicing Agreement

dated as of January 4, 2016, regarding Residential Fixed Rate FHA-Insured Mortgage Loans (the

"2016 Servicing Agreement" and together with the 2015 Servicing Agreement, the "Servicing

Agreements").  A redacted copy of the 2016 Servicing Agreement is attached hereto as **Exhibit

"B**."

13.     The terms of the Servicing Agreements are identical in all material respects.

14.     The preamble of each of the Servicing Agreements recognizes that TIAA Bank was

acquiring ownership of certain mortgage loans (referred to as the "Mortgage Loans") and that the

Servicing Agreements would prescribe the manner of servicing of the Mortgage Loans by the

Debtor.

15.     Section 2.01 of each of the Servicing Agreements provides as follows:

Each Servicing File delivered to or in the possession of the [Debtor] shall be held
by the [Debtor] in order to service the Mortgage Loans pursuant to this Servicing
Agreement and are and **shall be held in trust by the [Debtor] for the benefit of
[TIAA Bank] as the owner thereof**.  The [Debtor's] possession of any portion of
the Mortgage File shall be at the will of [TIAA Bank] for the sole purpose of
facilitating servicing of the related Mortgage Loan pursuant this Servicing
Agreement, and such retention and possession by the [Debtor] shall be in a custodial
capacity only.  The ownership of the Mortgage File shall be vested in [TIAA Bank]
and the ownership of all records and documents with respect to the related Mortgage
Loan prepared by or which come into the possession of the [Debtor] shall

---

[2]     All exhibits attached hereto are incorporated herein by reference.

immediately vest in [TIAA Bank] and shall be retained and maintained, **in trust**, by the [Debtor] at the will of [TIAA Bank] in such custodial capacity only. **The portion of each Servicing File retained by the [Debtor] pursuant to this Servicing Agreement shall be segregated from the other books and records of the [Debtor] and shall be appropriately marked to clearly reflect ownership of the related Mortgage Loan by [TIAA Bank].**

Section 2.01 of the Servicing Agreements (emphasis added).

### *Ownership & Handling of Mortgage Loan Payments*

16.    Section 2.02 of the Servicing Agreements provides:

All funds received by the [Debtor] on or in connection with a Mortgage Loan after the Cut-Off Date **shall be received and held by the [Debtor] in trust for the benefit of [TIAA Bank] as the owner of the Mortgage Loans pursuant to the terms of this Servicing Agreement.**

Section 2.02 of the Servicing Agreements (emphasis added).

17.    Section 3.02 of the Servicing Agreements obligates the Debtor to diligently collect payments for the Mortgage Loans. Section 3.03 of the Servicing Agreements requires the Debtor to segregate the funds collected. Specifically, the provision states as follows:

The [Debtor] shall, or shall cause any Subservicer to, segregate and hold all funds collected and received pursuant to the Mortgage Loans separate and apart from any of its own funds and general assets and shall establish and maintain one or more Custodial Accounts in the form of time deposit or demand accounts, titled "First Guranty Mortgage Corporation in trust for [TIAA Bank], FHA Mortgage Loans."

Section 3.03 of the Servicing Agreements.

18.    Section 3.03 of the Servicing Agreements goes on to list the types of payments that are to be deposited into the Custodial Account which payments include, but are not limited to, principal and interest payments collected for the Mortgage Loans.

19.    Withdrawals from the Custodial Account by the Debtor are allowed under the Servicing Agreements for only limited reasons:

a.   to make payments to TIAA Bank;

b.  to pay itself the Servicing Fee permitted under the Servicing Agreements;

c.  to pay itself interest earned from the Custodial Account;

d.  to clear the Custodial Account upon termination of the Servicing Agreements;

e.  to transfer funds to another permitted deposit account; and

f.  to withdraw funds deposited in the Custodial Account in error.

Section 3.04 of the Servicing Agreements.  This section of the Servicing Agreements also requires the Debtor to maintain a separate accounting for each Mortgage Loan serviced.

20.    On the seventh (7th) day of each month (known as "Remittance Day," the Debtor is required to remit to TIAA Bank all amounts deposited in the Custodial Account.  *See* Section 4.01 of the Servicing Agreements.  No exceptions are made.

21.    The Servicing Agreements also entitle TIAA Bank to accounting records regarding the servicing of the Mortgaged Loans.  *See* Sections 3.04, 5.02, 5.03, and 5.04.

**Servicing Advances**

22.    The Debtor's obligations under the Servicing Agreements are not limited solely to collecting loan payments owned by TIAA Bank though.  Section 3.11 of the Servicing Agreements provides the Debtor is required to pay property taxes, insurance and other charges related to the Mortgage Loans.  While the Servicing Agreements recognize some of the Mortgage Loans will have escrow payments associated with them, the agreements recognize that will not always be the case and obligates the Debtor to take steps to have the individual borrowers satisfy such obligations. In the event the borrowers fail to do so, the Debtor is obligated to make such payments from its own funds:

To the extent that a Mortgage Loan does not provide for Escrow Payments, the Servicer shall, or shall cause any Subservicer to, determine that any such payments

are made by the Mortgagor at the time they first become due and shall, if necessary, advance funds to effect such payments in accordance with Accepted Servicing Practices. The [Debtor] shall pay or cause all such bills to be paid irrespective of a Mortgagor's faithful performance in the payment of same or the making of the related Escrow Payments, and **the [Debtor] shall make Servicing Advances from its own funds to effect such payments.**

Section 3.11 of the Servicing Agreements.

23. The term "Servicing Advances" is defined by the Servicing Agreements as:

All customary, reasonable and necessary "out of pocket" costs and expenses (including reasonable attorneys' fees and disbursements) incurred in the performance by the [Debtor] of its servicing obligations, including, but not limited to, the cost of (a) the preservation, restoration and protection of the Mortgaged Properties, (b) any enforcement or administrative or judicial proceedings, including foreclosures, (c) the management and liquidation of the Mortgaged Property if such Mortgaged Property is acquired in satisfaction of the related Mortgage, (d) taxes, assessments, water rates, sewer rents and other charges which are or may become a lien upon a Mortgaged Property, and Policy premiums and fire and hazard insurance coverage and (e) compliance with the obligations set forth in Section 3.11.

Article I of the Servicing Agreements.

24.     Of course, the Servicing Agreements contemplate recovery by the Debtor of

Servicing Advances it makes, but only from specific sources:

The [Debtor] shall be reimbursed for Servicing Advances on and related to a Mortgage Loan **only** from (i) any recovery from the related Mortgagor, Liquidation Proceeds, Insurance Proceeds or Condemnation Proceeds of amounts that directly relate to the amounts advanced, subject to [TIAA Bank's] prior right to payment due with respect to the related Mortgage Loan pursuant to this Servicing Agreement or (ii) any payment of a portion of the FHA Claim Proceeds pursuant to Section 3.17.

Section 4.03 of the Servicing Agreements.

25.     Of particularly importance in this matter is the last paragraph of Section 3.04 which

states as follows:

Notwithstanding anything set forth herein with respect to the reimbursement of costs or expenses incurred by the [Debtor], neither the [Debtor] nor any Subservicer shall at any time receive, or be entitled to receive, any reimbursement (from the Custodial Account, any other account, the Owner or otherwise) for Uncovered Losses or for

any costs, expenses and fees incurred by it or on its behalf and resulting from (i) an Uncovered Loss, (ii) breach of any covenant, condition, representation or warranty made by the [Debtor,] or (iii) the [Debtor's] or Subservicer's failure to service and administer the Mortgage Loans in strict accordance with the terms of this Servicing Agreement, including without limitation Accepted Servicing Practices.

Section 3.04 of the Servicing Agreements.

### *The Debtor's Failure to Remit Payments*

26.     The Debtor has not remitted any payments due TIAA Bank under the Servicing Agreements since the Petition Date.

27.     On September 20, 2022, the Debtor notified TIAA Bank that the Servicing Agreements are a "burden" to its bankruptcy estate and that it intends to reject the Servicing Agreements.

28.     Along with this notice, the Debtor also notified TIAA Bank that it did not intend to remit any further payments to which TIAA Bank was due under the Servicing Agreements for the time being.

29.     TIAA Bank demanded the Debtor providing an accounting of all amounts received under the Servicing Agreements and remit all payments due thereunder to TIAA Bank.

30.     As of the filing of this complaint, the Debtor has failed to comply with TIAA Bank's demand.

### CAUSE OF ACTION
### (DECLARATORY JUDGMENT UNDER 11 U.S.C. § 105 AND 28 U.S.C. § 2201)

31.     TIAA Bank re-states and re-alleges the averments set forth in the above paragraphs of this Complaint as if fully set forth herein in their entirety.

32.     An actual and justifiable controversy exists between TIAA Bank and the Debtor and judicial declarations are necessary and appropriate at this time to determine the respective rights and obligations of the parties.

33.     The Mortgaged Loans and amounts collected, obtained, or received by the Debtor from servicing, or on account of, those loans are owned by TIAA Bank and are not property of the Debtor or its estate.

34.     Neither the Debtor nor its bankruptcy estate has any equitable or beneficial interest in the Mortgaged Loans and amounts collected, obtained, or received by the Debtor from servicing, or on account of, those loans.

35.     TIAA Bank is entitled to immediate possession of all amounts that (a) are held by the Debtor or its bankruptcy estate and (b) were collected, obtained, or received by the Debtor from servicing, or on account of, the Mortgaged Loans.

36.     The Servicing Agreements require the Debtor to provide, and TIAA is entitled to, financial records regarding amounts collected, obtained, or received by the Debtor from servicing, or on account of, the Mortgaged Loans.

37.     Because the Debtor holds amounts collected, obtained, or received by the Debtor from servicing, or on account of, the Mortgaged Loans in trust for TIAA Bank's benefit, the Debtor must provide, and TIAA Bank is entitled to, an accounting of all such amounts.

PRAYER FOR RELIEF

**WHEREFORE**, TIAA Bank respectfully asks the Court enter judgment in favor of TIAA Bank and against the Debtor:

(a)     declaring that the Mortgaged Loans and all amounts previously collected or to be collected in the future under the Servicing Agreements or on account of the Mortgaged Loans are not property of the Debtor or its bankruptcy estate;

(b)     declaring that neither the Debtor nor its bankruptcy estate has any equitable or beneficial interest in the Mortgaged Loans and all amounts previously collected or to be collected in the future under the Servicing Agreements or on account of the Mortgaged Loans;

(c)     declaring that the Mortgaged Loans and all amounts previously collected or to be collected in the future under the Servicing Agreements or on account of the Mortgaged Loans are owned by TIAA Bank until such time as TIAA Bank transfers or otherwise disposes of its ownership interests in any of the Mortgaged Loans;

(d)     declaring that the Debtor or its bankruptcy estate holds all amounts collected under the Servicing Agreements or on account of the Mortgaged Loans in trust for TIAA Bank's benefit;

(e)     ordering the Debtor to provide an accounting of all amounts it has collected under the Servicing Agreements or on account of the Mortgaged Loans since the Petition Date;

(f)     ordering the Debtor or its bankruptcy estate to immediately remit to TIAA Bank all amounts to which TIAA Bank is entitled under the Servicing Agreements; and

(g)     granting TIAA Bank such other, further, and different relief as is just and proper.

Dated: September 30, 2022
       Wilmington, Delaware

Respectfully submitted,


Jeremy L. Retherford
**BALCH & BINGHAM LLP**
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203
Tel:     (205) 226-3479
Fax:    (205) 488-5693
E-mail:  jretherford@balch.com

 – and –

*/s/ David W. Giattino*
Joseph H. Huston, Jr. (No. 4035)
David W. Giattino (No. 5614)
**STEVENS & LEE, P.C.**
919 North Market Street, Suite 1300
Wilmington, Delaware 19801
Tel:     (302) 425-3310 | (302) 425-2608
Fax:    (610) 371-7972 | (610) 371-7988
E-mail:  joseph.huston@stevenslee.com
          david.giattino@stevenslee.com

*Counsel to TIAA, FSB*